IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STEVEN E. FIEDLER,

         Plaintiff,         ORDER

 v.

MASSACHUSETTS MUTUAL LIFE INSURANCE    12-cv-775-slc
COMPANY, MML INVESTORS SERVICES, LLC,
JACK KAPINUS AND STRATEGIC WEALTH
MANAGEMENT GROUP, LLC,

         Defendants.

_____

  In this civil diversity action, plaintiff Steven Fiedler alleges that defendants' agent made misrepresentations that induced him to leave his employment as a financial services consultant to take what turned out to be a less lucrative position with MassMutual. However, because Fiedler's complaint fails to identify the specific citizenship of each of the defendants or the citizenship of each of the LLC members, the court is not able to conclude whether complete diversity of citizenship exists in this case.

  The first question in any lawsuit is whether the court has subject matter jurisdiction, and the court has an independent obligation to ensure that it exists. *Arbaugh v. Y & H Corporation*, 546 U.S. 500, 501 (2006); *Avila v. Pappas*, 591 F.3d 552, 553 (7th Cir. 2010). Section 1332 requires complete diversity of citizenship, meaning that no plaintiff may be a citizen of the same state as any defendant. 28 U.S.C. § 1332(a)(1); *McCready v. EBay, Inc.*, 453 F.3d 882, 891 (7th Cir. 2006). As the party filing suit, Fiedler bears the burden of proof on this issue. *Chase v. Shop n' Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997) ("party seeking to invoke federal diversity jurisdiction [ ] bears the burden of demonstrating that the complete diversity and amount in controversy requirements are met.").

  In the amended complaint, Fiedler alleges that the business defendants have their principal places of business in Massachusetts. Dkt. 18. He makes no allegation concerning the citizenship of defendant Kapinus. For the purpose of diversity jurisdiction, the citizenship and not the residency of an individual is what matters for diversity jurisdiction purposes. *Craig v. Ontario Corp.*, 543 F.3d

872, 876 (7th Cir. 2008); *Meyerson v. Harrah's East Chicago Casino*, 299 F .3d 616, 617 (7th Cir. 2002). An individual is a citizen of the state in which he is domiciled, that is, where he has a "permanent home and principal establishment, and to which [he] has the intention of returning whenever he is absent therefrom." Charles Alan Wright, *Law of Federal Courts* 161 (5th ed. 1994); *see also Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002). Corporations like defendant Massachusetts Mutual Life Insurance Company are citizens of the states in which they are incorporated and have their principal place of business. 28 U.S.C. § 1332(c)(1); *Metropolitan Life Ins. Co. v. Estate of Cammon*, 929 F. 2d 1220, 1223 (7th Cir. 1991)). However, the citizenship of a limited liability company is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007) (citations omitted) ("an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well"). Because Fiedler has not alleged the citizenship of defendant Kapinus or the members of defendants MML Investors Services, LLC and Strategic Wealth Management Group, LLC, the court cannot determine whether the parties are diverse.

ORDER

IT IS ORDERED that Fiedler has until August 1, 2013 to submit verification of the citizenship of defendants Kapinus, MML Investors Services, LLC and Strategic Wealth Management Group, LLC (a stipulation would do). Failure timely to submit the required information could result in dismissal of this case for lack of subject matter jurisdiction.

Entered this 11th day of July, 2013.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge